sum with interest, with judgment for the deficiency. There was ample evidence to justify these findings of fact, and we see no reason to disturb them.

The judgment should be affirmed, with costs. All concur.

(15 App. Div. 534.)

STACEY v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

EMINENT DOMAIN—CONSTRUCTION OF ELEVATED ROAD—EXCESSIVE AWARD.

An award of damages for the depreciation of the fee by reason of the construction and operation of an elevated railroad is not justified where the value of the lot increased largely after the construction of the road, though the value of the property as a whole appreciated but little compared with other property in the vicinity, because the building on the lot was unsuited to the changed conditions of the neighborhood, and its rental value as a private dwelling remained the same.

Appeal from special term, New York county.

Transferred from First department.

Action by Ellen Stacey against the Metropolitan Elevated Railway Company and the Manhattan Railway Company for damages caused by the construction and operation of an elevated road. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, BARTLETT, and BRADLEY, JJ.

M. W. Gallaway, for appellants.

James C. Van Siclen and Stephen Van Wyck, for respondent.

CULLEN, J. This is the usual abutter's action for damages occasioned by the construction and operation of an elevated railroad on 2d avenue, in the city of New York. The premises consist of a house and lot on the east side of the avenue, near 125th street. The improvements on the lot are a three-story and basement, high-stoop, brown-stone house, 20 feet wide by 42 feet in depth. The learned judge at special term awarded no recovery for diminution of the rental value, but allowed the plaintiff the sum of $2,500 for the depreciation of the fee. We think the evidence was insufficient to justify this award. The testimony is meager. The expert examined for the plaintiff testified that in 1872 the value of the property was about $12,000, in 1879 about $10,000, in 1881 about $8,000, and at the time of giving his testimony of the same value. The railroad was constructed in front of the premises in the year 1878. On cross-examination the witness further testified that he did not mean to say that values on 2d avenue had depreciated since 1880; but, on being further probed, we think he substantially conceded that the value of the lots, apart from improvements, in this portion of 2d avenue, had nearly doubled in the period from 1880 to 1895. The witnesses for the defendant testified that the value of plaintiff's property was greater now than at the time of the construction of the elevated railroad. There being no depreciation in the value

of plaintiff's property, she was not entitled to recover damages, unless it was made to appear that, by reason of the presence of the railroad, she had not obtained the enhancement in price which might naturally be expected from the increase and growth of the city, and in which other property in the vicinity, off the line of the road, had shared. We think this was not shown. It is true the value of the plaintiff's property as a whole has appreciated but little, but the explanation of this is entirely plain. The improvement on the plaintiff's lot is unsuited to the present condition of the neighborhood. The lot itself has doubled in value, but its advantageous use would now be as the site of a shop with tenement apartments above. The locality being no longer desirable for single residences, the plaintiff's building counts for little, if anything, in the value of the whole property. This change in the character of the locality has been caused by the advance of business, and it may be also by the presence of the elevated railroad. So far as the elevated railroad may have changed the character of the street, any injury suffered from that cause is indirect, and gives the plaintiff no right to recover. She is entitled to recover only for the injury to her premises caused, not by the change in the character of the street, but by the presence of the structure before her house, and the operation of the trains thereon so far as the same affect light, air, and access to her property. No injury has proceeded from this cause, for it appears by the testimony of the plaintiff that the elevated railroad has not diminished or injuriously affected the rent which she has received from the property used as a private dwelling.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.